IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Jason White,<br><br>           Plaintiff,<br><br>v.<br><br>Acceptance Now,<br><br>           Defendant. | Civil Action No: 4:19-cv-145<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff JASON WHITE ("Plaintiff"), by and through his attorney, SHAWN JAFFER LAW FIRM, PLLC, for his complaint against Defendant ACCEPTANCE NOW ("Defendant"), *to wit*, for violations 47 U.S.C. § 227 *et seq.* of the Telephone Consumer Protection Act ("TCPA") and the Tex. Fin. Code Ann. § 292 *et seq.* of the Texas Debt Collection Act ("TDCA").

## **PREMLIMINARY STATEMENT**

1.     This is an action for injunctive relief and statutory damages pursuant to 47 U.S.C. § 227 *et seq.* (TCPA) and for injunctive relief, actual damages, and attorney's fees and costs pursuant to Tex. Fin. Code Ann. § 292 *et seq.* of the Texas Debt Collection Act ("TDCA").

## **JURISDICTION & VENUE**

2.     This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227, 28 U.S.C. §§ 1331, and 1337.

3.     This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §§ 1367.

4. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(1) because Defendant maintains its headquarters at 5501 Headquarters Dr, Plano, TX, 75024, and also because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

5. Plaintiff is a natural person and an individual residing in 7421 Maroon Drive, Fort Worth, Texas 76120.

6. Plaintiff is a "consumer" meaning an individual who has an alleged consumer debt.

7. Defendant is a "person" meaning an individual, partnership, association, joint-stock company, trust or corporation.

8. Defendant is a "creditor" meaning a party, other than a consumer, to a transaction or alleged transaction involving one or more consumers.

9. Defendant engaged in "debt collection" meaning an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due to a creditor.

10. Defendant is a "debt collector" meaning a person who directly or indirectly engages in debt collection.

11. Defendant is a business located at 5501 Headquarters Dr., Plano, TX, 75024.

## FACTUAL ALLEGATIONS
### TCPA VIOLATION

12. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

13. At a time and date, better known to Defendant, the Defendant started calling the Plaintiff on his cellular telephone.

14. Defendant used an automatic telephone system to call the Plaintiff's cellular telephone.

15. On several occasions when the Plaintiff answered his cellular telephone he encountered a silence for a few seconds and then the phone call automatically terminated, or there was a clicking noise followed with a human being answering the call.

16. This is evidence of an automatic telephone system being used by the Defendant.

17. Plaintiff has asked Defendant to not call him using an automated telephone dialing system to his cellular telephone number.

18. However, Defendant continued to call Plaintiff's cellular telephone at least 22 times from 817-468-6092 and 817-468-6092 (See Exhibit "A") using an automatic telephone dialing system.

19. Defendant used a telephone dialing system to initiate and receive telephone calls.

20. Defendant used a telephone dialing system to call Plaintiff's cellular telephone that has the capacity to:

    (a) store telephone numbers;

    (b) call stored telephone numbers automatically;

    (c) call stored telephone numbers without human intervention;

    (d) call telephone numbers in sequential order;

    (e) call telephone numbers randomly;

    (f) simultaneously call multiple consumers; or

(g) call telephone numbers according to a strategy or protocol inputted by the Defendant.

21. While Defendant called Plaintiff's cellular telephones, Plaintiff's cellular telephone lines were unavailable for legitimate use during the unwanted calls.

22. Defendant has acted willfully and intentionally in violating the TCPA.

23. Alternatively, the Defendant has acted negligently in violating the TCPA.

24. As a result of the above violation of the TCPA the Plaintiff has been injured and harmed because the Defendant's use of an automatic telephone system to call Plaintiff's cellular telephone number without the Plaintiff's consent has caused a nuisance, an invasion of privacy, an intrusion of peace and tranquility, and harassment and abuse upon the Plaintiff.

## TDCA VIOLATION

25. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

26. The debt at issue is "consumer debt" meaning an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction involving or alleged transaction.

27. Defendant continues to abuse Plaintiff by making repeated or continuous telephone calls to Plaintiff's cellular telephone with the intent to harass Plaintiff.

28. As a result of the above violation of the TDCA the Plaintiff suffered humiliation and embarrassment, annoyance, mental distress, and financial injury to his credit scores. For these reasons and more, the Defendant is liable to Plaintiff for actual damages, costs, and attorney's fees.

## COUNT I
### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

29. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

30. Defendant's conduct violated the TCPA by placing non-emergency phone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or prerecorded or artificial voice in violation of 47 U.S.C § 227(b)(1)(A)(iii).

31. Defendant did not have consent to call Plaintiff's cellular telephones.

32. Alternative, if the Defendant had consent the Plaintiff revoked it.

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

(2) Injunctive relief; and

(3) Such other or further relief as the Court deems proper.

## COUNT II
### DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT
### Tex. Fin. Code Ann. § 292 *et seq.*

33. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

34. Defendant's conduct violated the TDCA by harassing or abusing Plaintiff at him place of work when Defendant made repeated or continuous telephone calls to Plaintiff.

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(1) Injunctive relief;

(2) Actual damages;

(3) Reasonable attorney's fees, litigation expenses and costs of the instant suit; and

(4) Such other or further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

35. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: February 28, 2019                    Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer*__              .
Shawn Jaffer
Bar No.: 24107817
6136 Frisco Square Blvd, Suite 400
Frisco, TX 75034
Phone:   (214) 210-9910
Fax:       (214) 594-6100
Email:    shawn@jafflaw.com
**Attorney for Plaintiff**